UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>RON BARNES, Warden, et al.,<br><br>          Defendants. | No. 2:14-cv-1901-EFB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS[1] |

Plaintiff Tony Blackman is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

1  28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has
2  brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to
3  state a claim upon which relief may be granted.  *See* (1) *Blackman v. Taxdahl*, No. 1:04-cv-6389-
4  AWI-LJO (May 18, 2007 E.D. Cal) (order dismissing action for failure to state a claim); (2)
5  *Blackman v. Evans*, No. 1:06-cv-0081-GSA (Feb. 3, 2009 E.D. Cal.) (order dismissing action for
6  failure to state a claim); and (3) *Blackman v. Medina*, 3:05-cv-05390-SI (Mar. 13, 2006 N.D.
7  Cal.) (order dismissing action for failure to state a claim).  *See also Blackman v. Hedgpath*, No.
8  1:10-cv-1393-LJO-MJS (Aug. 11, 2010 E.D. Cal.) (order designating plaintiff a three strikes
9  litigant for purposes of section 1915(g)).

10  The section 1915(g) exception applies if the complaint makes a plausible allegation that
11  the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C.
12  § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  For the exception to
13  apply, the court must look to the conditions the "prisoner faced at the time the complaint was
14  filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner
15  allege "an ongoing danger" to satisfy the imminency requirement).  Courts need "not make an
16  overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

17  In the complaint, plaintiff includes a list of 178 defendants.  ECF No. 1.  He complains
18  about the administrative appeals process, alleges he is falsely imprisoned, and requests 65 million
19  dollars in addition to a "full pardon."  ECF No. 1.  His allegations do not demonstrate that he
20  suffered from imminent danger of serious physical injury at the time he filed his complaint.
21  Thus, the imminent danger exception does not apply.

22  Because plaintiff has not paid the filing fee and is not eligible to proceed *in forma*
23  *pauperis*, this action must be dismissed.

24  Accordingly, it is hereby ORDERED that this action be randomly assigned to a United
25  States District Judge.

26  /////
27  /////
28  /////

Further, it is hereby RECOMMENDED that this action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 14, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE